Andrew B. Joseph
Michael P. Daly
Christian J. Clark
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
Phone: 973.549.7000
Fax: 973.360.9831
andrew.joseph@faegredrinker.com
michael.daly@faegredrinker.com
christian.clark@faegredrinker.com

*Counsel for Defendants*
*AT&T Inc. and Tami Shurtz*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TYLER FRANCO, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T, INC., TS MOBILITY, RICKY SINGH, KALSI SINGH, DIPA SINGH, MALIK AHMED, TAMI SHURTZ, JOHN DOES 1-10, and ABC CORP. 1-10, <br><br> Defendants. | AT&T Inc.'s Notice of Removal |

TO:  CHIEF JUDGE AND JUDGES OF THE
     UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

   Deputy Clerk of the Superior Court
   of Bergen County, New Jersey
   Bergen County Justice Center
   10 Main Street
   Hackensack, New Jersey 07601

Boris Shmaruk, Esq.
Vlasac & Shmaruk LLC
485B Route 1 South, Suite 120
Iselin, NJ 08830

**PLEASE TAKE NOTICE** that AT&T Inc. ("AT&T")[1] hereby removes this action from the Superior Court of Bergen County, New Jersey, to the United States District Court for the District of New Jersey under 28 U.S.C. §§ 1332, 1441, 1446 and 1453. In support of this removal, AT&T states as follows.

### JURISDICTIONAL STATEMENT

1.  The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (2005) grants federal courts diversity jurisdiction over putative class actions that have: (1) been commenced after February 18, 2005; (2) minimal diversity; (3) 100 or more class members; and (4) an aggregate amount in controversy over $5,000,000. *See* 28 U.S.C. §§ 1332 note, 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).

2.  For purposes of removal, the Court must consider the nature of the allegations made and the claims asserted, regardless of whether a defendant disputes those allegations, as AT&T and Shurtz do here. *See infra.*

3.  This action satisfies every applicable prerequisite.[2]

---

[1]  AT&T, Inc. is not a proper party in interest, was not properly named as a defendant, was not properly served with process, and is not subject to personal jurisdiction in a New Jersey court. It removes this action subject to and without waiving those and other defenses. *See infra.*

[2]  Strictly speaking, CAFA's amount in controversy requirement is located in § 1332, which applies to actions that are filed by plaintiffs, not § 1453, which applies to actions that are removed by defendants. Although the default rule is that an action is only removable if it could have been filed in federal court originally, Congress can "expressly provid[e]" otherwise. *See* 28 U.S.C. § 1441(a). Here, Section 1453(b) states that an action may be removed so long as it is a "class action." *See* 28 U.S.C. § 1453(b). Nothing in Section 1453(b) suggests that removed cases must also satisfy Section 1332. Indeed, Section 1453's plain language suggests otherwise, as it incorporates Section 1332's definition of a "class action" but not its other requirements. This is an academic point here, however, as Section 1332(d) is satisfied in any event. *See infra.*

**Commencement**

4. Plaintiff Tyler Franco ("Plaintiff") commenced this action on or about December 1, 2023, by filing suit in the Superior Court of Bergen County, New Jersey, under the caption *Franco v. AT&T Inc., et al.*, No. BER-L-006469-23. *See* Compl. (attached as part of Exhibit A).

5. Accordingly, this action was commenced after CAFA's effective date.

**Minimal Diversity**

6. CAFA requires only minimal diversity, i.e., that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

7. AT&T is a citizen of Delaware and Texas because it is organized under the laws of Delaware and has its corporate headquarters in Dallas, Texas. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters.").

8. Plaintiff is a citizen of New Jersey of because he is a longtime resident of that State and, upon information and belief, has no present intention to relocate to another State. *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (discussing difference between residence and domicile for purposes of citizenship); *see also* Compl. ¶ 1 ("Plaintiff . . . is an individual and a resident and citizen of New Jersey.").

9. Plaintiff brings this action on behalf of not only himself but also a putative "nationwide" class of "[a]ll AT&T customers whose information was wrongfully acquired by Defendants' employees and who were wrongfully deceived into purchasing a FirstNet Plan based on Defendants' employee's representations." Compl. ¶¶ 1, 67.

10. Accordingly, there is complete diversity between AT&T and Plaintiff, and at least minimal diversity between AT&T and unnamed members of the putative class. *See* 28 U.S.C. § 1332(d)(2)(A); *West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 445 (E.D. Pa. 2010) ("For CAFA's minimal diversity requirements to be met, 'only one member of the plaintiff class—named or unnamed—must be diverse from any one defendant.'").

**Numerosity**

11. CAFA does not apply to class actions "in which … the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

12. Plaintiff purports to represent a "nationwide" class of people who were "wrongfully deceived" into becoming FirstNet subscribers. Compl. ¶¶ 1, 67.

13. Plaintiff alleges that the putative class includes "at least hundreds" of people and is "so numerous that joinder of all members would be impracticable." *Id.* ¶ 69.

14. Accordingly, there are more than 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B).

**Amount in Controversy**

15. Regardless of whether claims have any merit—which they do not in this case—CAFA requires that the matter put "in controversy" by a complaint "exceeds the sum or value of $5,000,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(d)(2).

16. CAFA also provides that, "to determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

17. Defendants need not admit allegations or concede liability to remove an action. Rather, defendants need only show that the amount "in controversy" (*i.e.*, the aggregate amount

that plaintiff seeks to recover on behalf of a putative class) exceeds the jurisdictional amount. Whether a claim has merit—as to the named plaintiff or anyone else—is a matter for another day. *See, e.g.*, *Margulis v. Resort Rental, LLC*, No. 08-1719, 2008 WL 2775494, at *5-6 (D.N.J. July 14, 2008) ("Under plaintiff's argument, defendant would be required to concede that it actually violated the TCPA in order to remove the case, which would prove plaintiff's case and leave this Court the task of simply assessing damages. This is not proper."); *see also, e.g.*, *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he entire amount of the billings is 'in controversy.' The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985 (7th Cir. 2008) ("Vertrue calculated the amount in controversy at more than $5 million because its billings . . . come to almost $7 million. . . . The district judge thought this insufficient because Vertrue did not concede that more than $5 million in charges was unauthorized. Yet the statute does not make federal jurisdiction depend on how much the plaintiff is sure to recover. The question is what amount is 'in controversy.'").

18. Here, Plaintiff alleges (among other things) that he and "at least hundreds" of unnamed members of the putative nationwide class were "wrongfully deceived" into becoming FirstNet subscribers based on promises of discounts that were "not provided to Plaintiff and members of the Class. . . ." Compl. ¶ 67 & Prayer for Relief ¶ D.

19. Plaintiff seeks the return of "all wrongful discounts not provided to Plaintiff and members of the Class as a result of the wrongs alleged. . . ." Compl., Prayer for Relief ¶ D.

20. Plaintiff alleges that, although he and his father were both promised FirstNet service for a discounted price of $85 per month, Compl. ¶¶ 18, 23, they were both charged an undiscounted price of $331.51 per month. *Id.* ¶¶ 40-42.

21. In other words, Plaintiff alleges that he and every unnamed member of the putative class—whose experiences and damages are allegedly the same as his—are being overcharged more than $240.00 per month. *See id.* ¶¶ 40-42, 67-71.

22. Plaintiff also seeks treble and exemplary damages, which are included in the amount in controversy. *Id.*, Prayer for Relief ¶ E; *see also State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *Judon v. Travelers Property Cas. Co. of America*, 773 F.3d 495, 508 n. 12 (3d Cir. 2014); *Frederico v. Home Depot, Inc.*, 507 F.3d 188, 199 (3d Cir. 2007).

23. Plaintiff alleges that the class includes "at least hundreds" of people "nationwide," Compl. ¶¶ 1, 69, and is "so numerous that joinder of all members would be impracticable." *Id.*

24. Although AT&T strongly disputes that Plaintiff would be entitled to any damages, much less exemplary damages, if "at least hundreds" is read as conservatively as possible as 200, the aggregate amount placed in controversy by this action would exceed $5,000,000. That figure would increase if it included alleged damages that would accrue during the pendency of this action.

25. Plaintiffs also seek attorney's fees, interest, costs of suit, and "[s]uch other relief [] the Court deems just and equitable . . . ." Compl., Prayer for Relief ¶¶ F & G. Awards of attorneys' fees and costs in class actions can amount to as much as thirty percent (30%) of a class's recovery, which would increase the amount in controversy by 30% or, put another way, to 130% of the class's alleged damages. *See, e.g., Frederico v. Home Depot, Inc.*, 507 F.3d 188, 199 (3d Cir. 2007) (citing *In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)).

26. Additionally, Plaintiff seeks equitable relief, including an order declaring business practices illegal and enjoining AT&T from using them. *See* Compl., Prayer for Relief ¶ B & C. The costs associated with implementing those requested remedies would be substantial.

27.     Although AT&T denies that it has engaged in any misconduct, denies that it has any liability to the Plaintiff or the putative class, and denies that any class could be properly certified under Federal Rule of Civil Procedure 23, the aggregate amount placed "in controversy" by this case—that is, the aggregate value of the damages sought by Plaintiff and the aggregate cost of complying with the declaratory and reformation relief sought by Plaintiff—exceeds $5,000,000, based on Plaintiffs' allegations.

28.     Because this is a putative class action that was commenced after February 18, 2005, in which there is minimal diversity, more than 100 putative class members, and more than $5,000,000 in the aggregate in controversy based on Plaintiffs' allegations, this Court has original subject matter jurisdiction.  *See* 28 U.S.C. § 1332(d)(2)(A).

29.     Because this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1332, it is removable under 28 U.S.C. § 1441(a).

## PROCEDURAL STATEMENT

30.     Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings and orders that Plaintiffs purportedly served on AT&T as of the date of this Notice are attached collectively as Exhibit A.

31.     Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014) ("A statement 'short and plain' need not contain evidentiary submissions."); *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) ("[the] notice of removal serves the same function as the complaint. . . .").

32.     Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this Notice was timely filed within thirty (30) days of service on AT&T because Plaintiff does not even purport

to serve the Complaint on AT&T until on or after December 11, 2023. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

33. Pursuant to 28 U.S.C. § 1453(b), it is not necessary to obtain the consent of all Defendants in order to remove this action. Nevertheless, every named Defendant consents.

34. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the District of New Jersey is proper because it embraces the Superior Court of Bergen County, New Jersey, where this action was pending before it was removed. *See* 28 U.S.C. § 110.

35. Pursuant to 28 U.S.C. § 1446(d), AT&T will promptly file a copy of this Notice in the Superior Court of Bergen County, New Jersey, and give Plaintiffs notice of its filing.

36. By removing the action to this Court, AT&T does not waive any defenses that are available to it under either state or federal law, including but not limited to defenses based on lack of personal jurisdiction, improper venue, insufficient service, insufficient service of process, failure to state a claim, or failure to join a party under Rule 19. *See, e.g.*, *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("This rule is now hornbook law: "A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections."); *id.* ("On removal, a defendant brings its defenses with it to federal court. . . . Removal does not cure jurisdictional defects, so defendants can still challenge jurisdiction after removal. And on removal, the Federal Rules of Civil Procedure govern. Under these rules, a defendant may challenge jurisdiction by moving to dismiss under Rule 12(b)(2).") (citations omitted). AT&T expressly reserves the right to require that the claims of the Plaintiff and/or members of the putative class be decided through individual arbitrations, to move to dismiss or for summary judgment pursuant to Federal Rules of Civil Procedure 12 and 56, moving to dismiss AT&T, Inc. for lack of jurisdiction, and to move to strike

or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

**WHEREFORE**, AT&T respectfully removes this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

Dated:  January 10, 2024

*/s/* Andrew B. Joseph
Andrew B. Joseph
Michael P. Daly
Christian J. Clark
Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
Phone: 973.549.7000
Fax: 973.360.9831
andrew.joseph@faegredrinker.com
michael.daly@faegredrinker.com
christian.clark@faegredrinker.com

*Counsel for Defendants*
*AT&T Inc. and Tami Shurtz*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy herein is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that this certification is true and correct to the best of my knowledge.

Dated: January 10, 2024                        */s/* Christian J. Clark
                                               Christian J. Clark

                                               *Counsel for Defendants*
                                               *AT&T Inc. and Tami Shurtz*

## CERTIFICATE OF SERVICE

I certify that, on the date set forth below, I caused a true and correct copy of the foregoing Notice of Removal to be served via first-class mail, postage prepaid, upon the following:

Boris Shmaruk, Esq.
Vlasac & Shmaruk LLC
485B Route 1 South, Suite 120
Iselin, NJ 08830

*Counsel for Plaintiff*

Kristofer B. Chiesa, Esq.
Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.
308 Harper Drive, Suite 200
Moorestown, New Jersey 08057

*Counsel for Defendant TS Mobility and Individual TS Mobility Defendants*

Dated:  January 10, 2024

/s/ Christian J. Clark
Christian J. Clark

*Counsel for Defendants*
*AT&T Inc. and Tami Shurtz*

US.361467082.02